FILED

03/13/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0564

DA 16-0564

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 47N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MERCEDES ANN-NICOLE BENNICK,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 15-975
Honorable Michael G. Moses, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Ashley Harada, Harada Law Firm, PLLC, Billings, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

          Scott D. Twito, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:   February 14, 2018

Decided:   March 13, 2018

Filed:

                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Mercedes Ann-Nicole Bennick (Bennick) appeals from a Thirteenth Judicial District Court's order denying Bennick's motion to suppress evidence, based on her claim that the investigating officer lacked particularized suspicion to make a traffic stop. We affirm.

¶3     On October 4, 2015, around 10:49 p.m., Billings Police Officer Stovall (Officer Stovall) was conducting a routine patrol when he observed a dark colored vehicle parked in an alley in Billings. When Officer Stovall drove by between ten and thirty minutes later, the vehicle was in the same position. By the time Officer Stovall turned his patrol car around, the vehicle had turned onto the street and parked, partially blocking the alley. Officer Stovall then observed the vehicle drive off down the street. He pulled the vehicle over because the license plate light was not properly working. Bennick's father, Aaron, was driving the vehicle, and she was a passenger.

¶4     None of the occupants in the vehicle had a valid driver's license. The dispatcher advised there was an active arrest warrant for Aaron and the front-seat passenger. Aaron gave permission to search the vehicle. Bennick was removed from the vehicle and a

2

safety pat-down was conducted by Officer Stovall. Bennick gave Officer Stovall consent to remove a hard object from her pocket, which was identified as a loker, a glass pipe commonly used to consume methamphetamine. The officers found a baggie of marijuana where Bennick had been sitting in the vehicle. After Bennick was arrested and transported to the Yellowstone County Detention Facility, an officer observed a glass pipe with white residue, a clear baggie of methamphetamine, an empty torn baggie with white residue, two folded up pieces of paper with methamphetamine inside, and a clear baggie of marijuana sitting in the back seat of the patrol car. A review of the in-car video revealed Bennick removing these items from her person after being placed in the patrol car.

¶5    Bennick was charged with felony possession of dangerous drugs, misdemeanor possession of dangerous drugs, and misdemeanor possession of drug paraphernalia. On February 1, 2016, Bennick moved to suppress the results of the search and dismiss the case, alleging Officer Stovall did not have particularized suspicion to make the traffic stop. On April 18, 2016, the District Court held a suppression hearing. The District Court denied the motions. On May 19, 2016, Bennick pled guilty to all three charges and reserved the right to appeal her motion to suppress and dismiss. Bennick was sentenced on July 19, 2016, and judgment was entered on July 29, 2016. Bennick appeals.

¶6    This Court reviews factual findings of particularized suspicion for clear error and application of those facts to the law for correctness. *City of Missoula v. Sharp*, 2015 MT 289, ¶ 5, 381 Mont. 225, 358 P.3d 204. A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the lower court has misapprehended the effect of the

evidence, or if a review of the record leaves the court with a definite and firm conviction that a mistake has been made. *State v. Dupree*, 2015 MT 103, ¶ 8, 378 Mont. 499, 346 P.3d 1114.

¶7 Under Montana law, a police officer is authorized to stop a vehicle "that is observed in circumstances that create a particularized suspicion that the . . . occupant of the vehicle has committed, is committing, or is about to commit an offense." Section 46-5-401(1), MCA. The State must satisfy the particularized suspicion requirement by showing that the police officer had "(1) objective data and articulable facts from which an experienced officer can make certain inferences, and (2) a resulting suspicion that the occupant of [the] vehicle is or has been engaged in wrongdoing . . . ." *State v. Larson*, 2010 MT 236, ¶ 19, 358 Mont. 156, 243 P.3d 1130. A police officer does not need to be certain that an offense has been committed to justify an investigatory stop. *Sharp*, ¶ 8.

¶8 Section 61-9-204(3), MCA, requires vehicles to have a light that renders the license plate clearly legible from a distance of fifty feet. An officer may initiate a stop if there is particularized suspicion that a traffic offense is being committed. *See State v. Massey*, 2016 MT 316, ¶ 12, 385 Mont. 460, 385 P.3d 544 (holding that an officer had particularized suspicion of a violation of § 61-9-204(5), MCA, when a driver's tail lights were obscured by covers and not plainly visible from 1,000 feet); *State v. Haldane*, 2013 MT 32, ¶¶ 19-30, 368 Mont. 396, 300 P.3d 657 (holding that a license plate "obstructed from plain view" and not "obviously visible" gave rise to particularized suspicion for a valid traffic stop). Officer Stovall testified that the license plate was not clearly legible from fifty feet away due to it being partially lit. The defense witnesses testified that the

4

license plate was clearly visible. The District Court noted that the license plate appeared to be only partially lit in Bennick's Exhibit A, which was a photo of the vehicle taken from Officer Stovall's patrol car. The District Court held that Officer Stovall's observations warranted suspicion that § 61-9-204(3), MCA, was being violated.

¶9 The District Court's findings of fact were not clearly erroneous and it correctly concluded that Officer Stovall had particularized suspicion to pull over the vehicle in which Bennick was a passenger.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11 Affirmed.


/S/ MIKE McGRATH


We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE
/S/ BETH BAKER
/S/ LAURIE McKINNON